PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States District Court
Southern District of Texas
**FILED**

JUL 3 1 2017

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
### FOR THE **Southern**_____ DISTRICT OF TEXAS
#### **Houston**_____ DIVISION

*JOSHUA W. PARRISH #1619201*
_____
Plaintiff's Name and ID Number

*ELLIS UNIT*
_____
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

*LORIE DAVIS, CID, Director, PO Box 99, Huntsville, Tx. 77342;*
_____
Defendant's Name and Address

*MICHAEL A. ROESLER, CHARLES H. LANDIS, LINCOIN E. CLARK, TIMOTHY M. PREI-SCHEL, ERNEST NAVARRETTE, JAMES E. BERRY, FREDERICK J. MCCULLOUGH, JAN A GUSTAFSON, SCOTT C. TUCKER, TONI DEER, BETTY WILLIAMS, GWENDOLYN CHARVET JAMES COLEMAN, Ellis Unit, 1697 FM 980, Huntsville, Tx. 77343*
_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

_____

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1.   In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2.   If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* or the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.   The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.   If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

       1.  Approximate date of filing lawsuit: _____

       2.  Parties to previous lawsuit:

          Plaintiff(s) _____

          Defendant(s) _____

       3.  Court: (If federal, name the district; if state, name the county.) _____

       4.  Cause number: _____

       5.  Name of judge to whom case was assigned: _____

       6.  Disposition: (Was the case dismissed, appealed, still pending?) _____

       7.  Approximate date of disposition: _____

Rev. 05/15

**Ellis Unit, 1697 FM 980**

II.   PLACE OF PRESENT CONFINEMENT: **Huntsville, Tx. 77343.**

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          X   YES   ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT: **Ellis Unit, 1697 FM 980, Huntsville, Tx. 77343.**

A.   Name and address of plaintiff:   **Joshua W. Parrish, # 1619201**

B.   Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1:   **Lorie Davis, CID-Director.**
**PO Box 99, Huntsville, Tx. 77342.**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**Ms. Davis, is total responsible for the action and care of the employees**

Defendant #2:   **Michael A. Roesler, Senior Warden; Charles H. Landis &**
**Lincoln E. Clark, both Assistant Warden of Ellis Unit, 1697 FM 980,**
**Huntsville, Tx. 77343.**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**All three Wardens are responsible for the employees on their unit.**

Defendant #3:   **Ernest Navarrete & Timothy M. Preischel both are Majors**
**of Ellis is responsible for the employees action and attitudes. Ellis**
**Unit, 1697 FM 980, Huntsville, Tx. 77343.**
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4:   **James E. Berry, Frederick J. McCullough & Jan A. Gustafson**
**are Lt., assigned at the Ellis Unit, 1697 FM 980, Hunsville, Tx. 77343.**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**All three Lt., conspired together to violate plaintiff's civil rights.**

Defendant #5:   **Toni Deer, Betty Williams and Gwendolym Charvet and James**
**Coleman was deliberate indifernece toward plaintiff medical need at**
**Ellis Unit, 1697 FM 980, Huntsville, Tx. 77343.**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**All four of these defendants denied plaintiff proper medical treatment.**

3

Rev. 05/15

Texas Department of ̶ ̶ ̶ ̶ ̶ ̶ ice

## STEP 1

GRIEVANCE FORM

C6-316B

**OFFICE USE ONLY**

Grievance #: 2016 199584

Date Received: AUG 2 2 2016

Date Due: 10-06-16

Grievance Code: 602

Investigator ID #: 1523

Extension Date: _____

Date Retd to Offender: OCT 0 3 2016

Offender Name: JOSHUA PARRISH          TDCJ # 1619201

Unit: Ellis          Housing Assignment: C6-115B

Unit where incident occurred: _____

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? PA Deer Medical Department          When? 8/10/16

What was their response? Nothing.

What action was taken? Nothing.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Aug. 10, 2016, Grievant was working in the field cutting down trees with a pick axe grubbing hoe when Grievant felt a pop in his lower back. Grievant immediately went to his field Officer Mr. Scott C. Tucker and told him what happening. Mr. Tucker immediately told the field Lieutenant who instructed Grievant to take it easy and sit in the shade till we leave. When we finally gotten back to to the building. The field officer took Grievant to the medical department, Once we gotten there a Nurse asked Grievant a few questions about what happening and asked Grievant to sit in the "chain" after about 3 minute she left to go to talk to Ms. Deer, a medical PA. When the Nurse returned from talking to Ms. Deer. She Quoted: "... **if Grievant could get in and out of the "chain" on his own......** **there couldn't possible be anything wrong..."**Unquoted. Ms. Deer acted deliberate indifference to Grievant's back injury and refused to see Grievant. When Ms. Deer intentionally place Grievant in Dangerous surroundings, when they intentionally ignore Grievant's serious medical needs or when they are deliberately indifferent either to Grievant's Health and Safety. Due to the seriously of the back pain Grievnat has being going back and forward to the medical department for medical treatment and Ms. Deer has refused to see Grievant or treat his back pain. A serious medical need is present whenever the failure to treat Grievant's conditions could result in further significant injury or the unnecessary and wanton infliction of pain. Medical conditions that falls well short of life-threatening can nevertheless constitute "serious medical needs", if they result in pain or loss of function. AUG 2 2 2016

---

I-127 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix F

AUG 2 2 2016

**Action Requested to resolve your Complaint**
Grievant request immediately medical treatment for his back pain.

**Offender Signature:** _____     **Date:** 8/21/16

**Grievance Response:**

Review of your medical record shows you were seen on 08/10/16 for a complaint of back pain. You were evaluated and given non-aspirin for pain. You were evaluated again on 08/11/16 and observed walking with a steady gait, sit and rise with ease and no facial grimacing. Based on your evaluation it was determined no medical treatment was necessary. This grievance is denied and no further action is warranted at this time.

**Signature Authority:** B. Davis PM     **Date:** 9-28-16

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**2nd Submission**          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**3rd Submission**          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



**NOV 2 8 2016**

## Texas Department of Criminal Justice

# STEP 2

### OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2016 199584 |
| UGI Recd Date: | OCT 1 2 2016 |
| HQ Recd Date: | OCT 17 2016 |
| Date Due: | 11·26 |
| Grievance Code: | 602 |
| Investigator ID#: | |
| Extension Date: | |

Offender Name: JOShUA PARRISh   TDCJ# 1619201

Unit: ELLIS ✓   Housing Assignment: C16- 316 5 ✓

Unit where incident occurred: ELLIS

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**NOV 2 8 2016**

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I AM dissatisfied with the response at Step 1, because Ms. Davis Never Addressed the Allegation. Ms. Deer acted deliberate Indifference to Grievant's back Injury and re-fused to see Grievant. When Ms. Deer INTENTIONALLY PLACE Grievant IN dangerous surroundings, when they INTENTIONALLY "Ignore" Grievant's serious medical needs or when they are deliberately Indifferent to Grievant's health and safety. Due to the seriously of the back pain Grievant has being going back and forward to the medical DEPARTMENT for medical TREATMENT and Ms. Deer has REFUSED to see Grievant or treat his back pain. A serious medical need is present whenever the Failure to treat Grievant's conditions could result in Further significant Injury or the unnecessary and WANTON INFLICTION of pain. Medical conditions that falls well short of Life-Threatening can NEVERTHE Less constitute "serious medical needs", if they result in pain or Loss of Function.

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

Offender Signature: _____     Date: 10-11-16

**Grievance Response:**

A review of the Medical Grievance has been completed regarding your complaint to have immediate medical treatment for your back pain.

Appellate review of your Health Record shows on 10/24/2016, you were evaluated by the unit provider for your complaint of wanting to have your back checked due to severe pain and discomfort. The provider observed you were unable to flex and extend from the waist line and appeared to be stiff. The plans from this visit show lower back X-rays were ordered, you were prescribed Pamelor and advised to continue to take Naproxen as previously ordered. On 11/02/2016, your signed a Refusal of Treatment form regarding review of your X-rays. You were seen by the unit provider on 11/04/2016, at which time the X-ray result was explained to you. You were observed to have a steady gait and advised to continue Naproxen as prescribed.

If you feel your condition has changed or warrants further evaluation, submit a Sick Call Request to discuss your concerns with a licensed medical provider.   2.01

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**
Signature Authority: **TDCJ HEALTH SERVICES DIVISION** _____     Date: 11-10-16

---

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

CGO Staff Signature: _____

**OFFICE USE ONLY**

**Initial Submission**            CGO Initials: _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2ⁿᵈ Submission**             CGO Initials: _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3ʳᵈ Submission**            CGO Initials: _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                    Appendix G

STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

*SEE ATTACHMENT*

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments. Cite no cases or statutes.

*SEE! ATTACHMENT*

VII.   GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

*None.*

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

*None.*

VIII.   SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?   ____ YES _x_ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____

2.  Case number: _____

3.  Approximate date sanctions were imposed: _____

4.  Have the sanctions been lifted or otherwise satisfied?   ____ YES ____ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?        ____ YES  **X** NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warning was issued: _____

Executed on: **7/27/17**
         DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____**27**____ day of ____**July**____ , 20 __**17**__
      (Day)           (month)        (year)

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE SOUTHERN DISTRICT OF TEXAS*
*HOUSTON DIVISION*

| | |
|---|---|
| *JOSHUA PARRISH,* § | |
| § | |
| *Plaintiff,* § | |
| § | |
| *Vs.* § | |
| § | |
| *LORIE DAVIS, MICHAEL A. ROESL-* § | |
| *ER, CHARLES H. LANDIS, LINCO-* § | |
| *IN E. CLARK, TIMOTHY M. PREI-* § | |
| *SCHEL, ERNEST NAVARRETE, JAMES* § | |
| *E. BERRY, FREDERICK J. MCCULL-* § *C.A. NO. _____* | |
| *OUGH, JAN A. GUSTAFSON, SCOTT* § | |
| *C. TUCKER sued in their off-* § | |
| *ifical capacities, and* § | |
| *TONI DEER, BETTY WILLIAMS,* § | |
| *GWENDOLYN CHARVET and JAMES* § | |
| *COLEMAN sued in their individ-* § | |
| *ual capacities,* § | |
| § | |
| *Defendants.* | |

### COMPLAINT WITH JURY DEMAND

*This is a civil rights action filed by JOSHUA PARRISH,*
*a prisoner, for damages and injunctive relief under 42 U.S.C.*
*§ 1983, alleging denial of medical care in violation of the*
*Eighth Amendment to the United States Constitution*

### JURISIDICTION

*1.   The court has jurisdiction over the plaintiff's claims*
*of violation of federal constitutional right under 42 U.S.C.*
*§§ 1331(1) and 1343.*

### PARTIES

*2.   The Plaintiff, JOSHUA PARRISH, is inacerated at Ellis*
*Unit of the Texas Department of Criminal Justice - Institutional*
*Division, during the events described in this complaint.*

3.    Defendant, LORIE DAVIS, is the  CID Director, of the
Texas Department of Criminal Justice - Institutional Division.
she is responsible for  the development and oversight of
all policies and practices, including medical and nutritional
care in all TDCJ-CID facilities and the monitoring and oversight
of health care service that have been contracted out to
private providers. She is responsible for ensuring that
TDCJ-CID prisons operate in a manner that is consistent
with the United States Constitution. She is sued in her
official capacity. AT ALL TIME DESCRIBED HEREIN, SHE WAS
ACTING UNDER COLOR OF STATE LAW.

4.    Defendant, MITCHAEL A. ROESLER, is the warden of the
Ellis Unit of the Texas Department of Criminal Justice -
 Institutional Division. At all time described  herein,
he was acting under color of State law. He is sued in his
official capacity for declaratory and injunctive relief.

5.    Defendants, CHARLES H. LANDIS AND LINCOIN E. CLARK,
is the Assistant Wardens assigned to the Ellis Unit of the
Texas Department of Criminal Justice - Institutional Division.
At all time described herein, was acting under color of
State law. They are being sued in their official capacity
for declaratory and injunctive relief.

-2-

6.    *Defendants, TIMOTHY M. PRIESCHEL AND ERNEST NARARRETE,*
*majors assigned at the Ellis Unit of the Texas Department*
*of Criminal Justice - Institutional Division. At all time*
*described herein. They was acting under color of State law.*
*They are being sued in their official capacity for declaratory*
*and injunctive relief.*

7.    *Defendants, JAMES E. BERRY, FREDERICK J. MCCULLOUGH*
*and JAN A. GUSTAFSON, Lieutenants assigned at the Ellis*
*Unit of the Texas Department of Criminal Justice - Ins-*
*titutional Division. At all time described herein. They*
*was acting under color of State law. They are sued in their*
*official capacity for declaratory and injunctive relief.*

8.    *Defendant, SCOTT TUCKER, Correctional Officer assigned*
*at the Ellis Unit of the Texas Department of Criminal Justice*
*- Institutional Division. At all time described herein.*
*He is acting under color of State Law. He is being sued*
*in his official capacity for declaratory and injunctive*
*relief.*

9.    *Defendants BETTY WILLIAMS AND JAMES COLEMAN, Medical*
*Doctors assigned at the Ellis Unit of the Texas Department*
*of Criminal Justice - Institutional Division. At all time*
*described herein. They are sued in their individual and*
*Official capacities.*

10.   Defendant, TONI DEER is a Medical PA is and was assigned to theEllis Unit of the Texas Department of Criminal Justice Institutional Division. *She was acting under color of State law. She is sued in her individual capacity.*

11.   Defendant, GWENDOLYN CHARVET, is a Medical Murse assigned at the Ellis Unit of the Texas Department of Criminal Justice-Institutional Division. *She was acting under color of State law. She is sued in her individual capacity.*

12.   All the defendants have acted, and continue to act, under color of state law at all time relevant to this complaint.

### *FACTS*

13.   On August 10, 2016, at around 10:30 a.m., Plaintiff was working in outside field force squard. Plaintiff were working in the woods digging out trees and tree stumps and cutting down **trees**  with axes, pick axes and grubbing hoes.

14.   At around 10:30 a.m., Plaintiff was **digging** out a tree stump that was around 6 feet tall and 3 feet wide, weighing approximately 600 - 800 pounds give or take. Plaintiff were pulling out of the ground when Plaintiff felt a pop in his lower back.

-4-

15. *Within minutes of the accident. Plaintiff was in extreme pain and started feeling numbness down his left leg from lower left side of back to left knee cap.*

16. *Plaintiff stoped doing what Plaintiff was doing and immediately notified his supervisor. Correctional Officer Scott Tucker and told him what happened.*

17. *Correctional Officer Tucker told plaintiff to go sit in the shade why he went to his supervison Lt. Jan. A. Gustafson, who returned to where Plaintiff was as again asked plaintiff what happened.*

18. *Plaintiff told Lt. Gustafson what happened and explained to him what plaintiff did and what plaintiff was feeling. He told plaintiff that if plaintiff would wait here in the shade until around 11;30 a.m., when the field force would normally turn back in to the building. He would take plaintiff to medical.* **But that if plaintiff wantd the van to come get plaintiff from the unit right now, that he would do that to, but that, [he would write plaintiff a disciplinary case.]**

19. *Plaintiff choose to sit and wait in the shade till around 11:30 a.m., when the rest of the squards would turn in so that* **[plaintiff wouldn't receive a disciplinary case].**

-5-

20.   When the field squads   arrived back on the Unit. Plain-
tiff's supervisor Correctional Officer Tucker took plaintiff
to the medical Department. Nurse Gwendolyn Charvet had plain-
tiff sit in the vitals chair "blood pressure and temp" and
took plaintiff's vitals.

21.   Nurse Charvet then told plaintiff and his supervisor
Tucker that she would go talk to P.A. Ms. Deer about plaintiff's
situation. Nurse Charvet returned about 10 min later.

22.   At this time, Plaintiff can barely walk, stand, sit
or bend over because the pain is at about an 8 on a scale
of 1-10.

23.   Nurse Charvet then returned from speaking with P.A.
Ms. Deer. Nurse Charvet said that P.A. Deer said that if
Plaintiff was able to walk in on my own that there  was
no way that plaintiff could have a lower back injury. Nurse
Charvet then stated that plaintiff to receive non-aspirin
and return back to work the following day.

24.   Plaintiff then protested asked who is the one responsible
fopr not giving him medical attention, that plaintiff would
file a grievance and contact his family. Nurse Charvet said
P.A. Ms.Deer was the one who made the decision to not grant
medical attention.

25. Plaintiff asked for an X-Ray, X-Ray denied.

26. Plaintiff was told to get out of medical, that I would not receive an X-Ray or anything other than non-aspirin.

27. Plaintiff was told that if he did not like the decision made that he could defently file a grievance.

28. Plaintiff was then escorted back to his cell, when Plaintiff returned to his cell Plaintiff was in extreme pain. To try to releave some of the pain. Plinaitff got a towell wet and laid it down on the concrete floor. Plaintiff then laid down on top of the wet towell with his fan and tried to relax my body to releave some of the pain.

29. Plaintiff awoke around 5:30 p.m., could not get off of the floor on his own, medical personnels was called and small team of TDCJ Officers and Nurse Charvet returned to plaintiff's cell.

30. The Officers asked plaintiff what was wrong. Plaintiff explained what plaintiff was feeling and what happened earlier at work.

-7-

31.   The Officers asked plaintiff if he could get up and get into the wheel chair. Plaintiff told them that plaintiff could not do it on his own, that he would need help.

32.   Two of the Officers, namely, L. James E. Berry and Lt. Frederick J. McCullough entered plaintiff's cell with two other "John Doe's Officers and assisted plaintiff in getting off the floor and getting in the wheel chair.

33.   The Officers then escorted plaintiff back to medical. Nurse Charvet asked plaintiff to get into the vitals chair again. Plaintiff stated that plaintiff don't think that he could do it alone that he would probably need some assistance.

34.   Lt. James E. Berry told plaintiff that if he did not do it on his own that plaintiff would be dragged to the chair. Lt. Berry stated that the choice is plaintiff.

35.   Plaintiff then tried to explain that plaintiff was not faking this and that there was seriously something wrong with plaintiff's back.

36.   At this point, Plaintfif was ignored once again. Lt. James E. Berry then got behind plaintiff and put his arms underneath plaintiff's arms pits and proceeded to jerk plaintiff up out of the wheel chair, while Lt. Frederick J. McCullough

-8-

yanked the wheel chair out from under plaintiff. Lt. Berry then literally drug plaintiff over to the vitals chair and dropped plaintiff into it.

37. Nurse Charvet then took plaintiff's vitals. She then stated that she was the only one on duty at this time and that she would have to call the unit provider.

38. Doctor Williams said that plaintiff was faking it, that plaintiff would not get out of work. She order 2 non-aspirin with no medical treatment. Doctor Williams stated that plaintiff was fine to return back to his cell.

39. Lt. Berry and Lt. McCullough told plaintiff that plaintiff had about 2 min  to gather the strenght plaintiff would need to get plaintiff back to his cell. Plaintiff did not want to further injure his back with more of a confirmation with these two Lieutenants so plaintiff mustered what little strenght plaintiff had and manage to walk back to his cell.

40. Plaintiff was completly denied any medical attention for a work related back injury that happened working in the field force.

-9-

41. On the following day, Aug. 11, 2016, Plaintiff was sch-
edule to Medical P.A. Deer once again. Again Ms. Deer stated
that if Plaintiff could walk on his own two feet that
there was no way, Plaintiff could have a back injury. Once
again X-Ray and Medical attention denied.

42. On Aug. 11, 2016, Plaintiff was apparently observed
walking with a steady gait. But if they would have taking
a little time to look at plaintiff's medical records at
first. Those medical records would have revealed from TDCJ
Braces and Limbs documents that plaintiff's left leg is
actually ½ longer than his right leg. Therefore, there is
no way that they could have made that observation because
that is a blatant lie because Plaintiff already have a nat-
ural limp.

43. Furthermore on Aug. 11, 2016, Plaintiff could barely
move much less walk on his own. Plaintiff was in extreme
pain and stiff from lower abdoman to knee, and could no
longer bend over at all.

44. Plaintiff stayed this way until around 11/20/2016.

45. They forced plaintiff to work in the field force this
whole time and the only reason the Plaintiff was able to
do that was becuase he was one of his supervisor best worker.

-10-

46.  On Aug. 10, 2016, Plaintiff filed a Step 1 Grievance
regarding the situation and circumstances. Plaintiff
filed a complaint against P.A. Ms. Deer for deliberately
indifference.

47.  Plaintiff filed a Step 2 Grievance. Both Step 1 & 2
grievances was denied.

48.  On 10/24/2016, Plaintiff was seen again regarding the
same situation lower back pain for work related injury.
This time, Plaintiff was seen by a new P.A. Ms. Rosemary
N. Ofili. Plaintiff explained to her the same situation
and the problems Plaintiff having. She said, Well, lets
look at your X-Rays. Plaintiff told her that there were
none ordered. She asked me why, plaintiff told her that they
did not take one. She said on a lower back injury such as
plaintiff describe, that an X-Ray should have been ordered
first thing to determine severity of the accident of the
lower back injury. She then ordered X-Ray.

49.  On 11/02/2016, Plaintiff was scheduled to see P.A.
Deer about the X-Ray Ms. Ofili ordered. But because of the
present situation with the Step 1 & 2 Grievances against
Ms. Deer. Plaintiff felt this was a conflict of interest,
and refused to see Ms. Deer.

-11-

50.  Plaintiff was reschedule. On 11/04/2016 Plaintiff was scheduled to see Ms. Ofili again about the X-Ray results.

51.  Ms. Ofili stated well she see whay you are in so much pain, you have multilevel mild degenerative change in the form of scattered "Schmorls" nodes and end plates scelerosis.

52.  Ms. Ofili said that a "surgery was needed. She said that if the X-Ray showed this much damages, that an MRI was defently needed, but that orthopedics would have to approve that. She schedule plaintiff to see Ortho on 11/04/2016.

53.  On Dec. 2016, Plaintiff was scheduled again to see M.D. Coleman about my lower back problems. We then talked about surgery options, a few medications were ordered. Still no other appointment.

54.  Dr.Coleman did state at this time that my back was ineed damaged and surgery was an option, but lets wait and see what Ortho finds.

55.  Since Aug 10, 2016, Plaintiff have been dealing with extreme and unnecessary pain and suffering. Sometimes pain is so servere that plaintiff don't leave his cell for days because plaintiff can barely get out of his bunk.

56.   On June 23, 2016, Plaintiff was again seen by Medical
P.A. Ms. Jackson regarding same situation, and some new
discovered problems. Plaintiff showed her his left thigh
that plaintiff was loosing muscle mass. She measured both
of my legs and said that my left quardriceps in complete
atrophy due to this lower back injury.

57.  On June 23, 2016, P.A. Ms. Jackson again scheduled
plaintiff to go to orthopedics to have an extensive overreview
of my lower back. No set date yet.

58.   This is now 11 months of unnecessary and suffering
that has led to further complications. Plaintiff's back
is getting worse every day. The pain has become a constant
thing mentally now as much as physical.

59.   Plaintiff have not sleep more than 2 hours at a time
without having to readjust himself.

### UPON INFORMATION AND BELIEF

Upon information and belief. Ms. Williams and Ms. Deer
have both had numerous medical complaints, grievances and
refusals of treatment filed against them, for their unprof-
essional conduct in treating or refusing to treat others.

-13-

Plaintiff have knowledge of at least one other
individual here on the O.B. Ellis Unit that has the same
problem with this medical treatment, or lack thereof.
With his back and he ultimately had to have major back
surgery to remove multiple herniations in his lower back.
Plaintiff know of at least one other 1983 claim against
Ms. Betty Williams and Ms. Toni Deer that will be coming
from or already came from the O.B. Ellis Unit. Plaintiff
have had to ensure exeraciating and crippling pain for nearly
a year now due to their refusal to properly treat my medical
issues. With all the complaints, grievance  and refusals
signed against Ms. Williams and Ms. Deer, their supervisors,
the unit Administration or her employer U.T.M.B. should
have investigated what the problems were and removed them
from their positions befor they could cause bodily harm
to anyone under their medical care. Their deliberate indiffernce
toward my back injury has allowed plaintiff to go thru pain
and suffering in every possible way. Physically mentally
and emotionally. All of which they could have prevented with
proper medical attention and treatment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

60. The Plaintiff has exhausted his administrative remdies
with respect to all claims and all defendants.

-14-

## CLAIMS FOR RELIEF

61. The action of defendant Davis, CID Director. She is responsible for all of TDCJ employees. Therefore, is liable for defendants Roesler, Landis, Clark, Preischel, Navarrete, Berry, McCullough, Gustafson, Tucker, Williams, Charvet and Coleman actions for violates of plaintiff constitutional right as a result Lorie Davis's mismanagement of subordinates constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

62. The action of defendants Roesler, Landis, Clark, Preischel and Navarrete, for develops an unconstitutional policy and allow an unconstitutional policy to continue constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

63. The action of defendants Berry, McCullough, Gustafson, Tucker for develops an unconstitutional policy and allow an unconstitutional policy to continue constituted cruel and unusual punishment in violation of the Eigth Amendment of the Uned States Constitution.

64. The action of defendants, Deer, Williams, Coleman and Charvet constituted deliberate indifference to plaintiff's medical need, plaintiff suffered further pain and mental

-15-

anguish. He continued to suffer from back pain and general
pain throughout his body, and Dr. Williams, Dr. Coleman,
P.A. Deer and Nurse Charvet denied him medical treatment
and refused to provide adequate pain medication. In addition,
plaintiff was unable to sleep for weeks because of the denial
of medical treatment constituted deliberate indifference
to serious medical need of prisoner constitutes the "un-
necessary and wanton infliction of pain....prosecribed by
the Eighth Amendment.

## RELIEF REQUESTED

WHEREFORE, plaintifff request that the Court grant the following
relief:

A.   Issue a declaratory judgment stating that:

1.   The denial of medical treatment by the defendants
     and each of them, violated the plaintiff's rights
     under the Eighth Amendment to the United States Cons
     titution and consituted deliberate indifference.

2.   The defendants and each of them in failing to provide
     adequate medical care for the plaintiff violated, and
     continue to violate, the plaintiff's rights under the
     Eighth Amendment to the United States Constitution.

B.   Issue an injunction ordering defendants, Coleman, or
their agents to:

1.   Immediately arrange for the plaintiff need medical
     treatment.

2.   Carry out without delay the treatment directed by such
     medical practiter.

C.   Award compensatory damages in the amount of $500.000

D.   Award punitive damages in the amount of $50.000 from
     each of the defendants.

-16-

E.   Grant such other relief as it may appear that plaintiff

is entitled.

                          Respectfully Submitted


                          JOSHUA PARRISH
                          TDC No. # 1619201
                          Ellis Unit
                          1697 FM 980
                          Huntsville, Tx. 77343

Dated:   7/27/17

                          -17-